**LIN LI, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 04–4870–ag.**

United States Court of Appeals,
Second Circuit.

June 14, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Joycelyn Hewlett, Assistant United States Attorney (Anthony J. Jenkins, United States Attorney, on the brief), United States Attorney's Office for the District of the Virgin Islands, St. Thomas, VI, for Respondent.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Li, a native and citizen of the People's Republic of China, seeks review of an August 30, 2004 order of the Board of Immigration Appeals ("BIA"), *see In re Lin Li,* File No. A 95 844 148 (BIA Aug. 30, 2004), affirming without opinion an August 4, 2003 order of Immigration Judge Robert D. Weisel ("the IJ") denying Li's application for asylum and withholding of removal and ordering him removed to China, *see In re Lin Li,* File No. A 95 844 148 (Immig. Ct., New York, Aug. 4, 2003). Li argues that the IJ's decision, which was based on an adverse credibility finding, was not supported by substantial evidence. We disagree and, accordingly, we deny the petition for review.

Born in 1966, Li entered the United States in December 2001 at San Francisco

on a nonimmigrant visa that has since expired. After traveling to New York, he applied there for asylum as well as for withholding of removal under Section 241(b)(3) of the Immigration and Naturalization Act of 1952, as amended, 8 U.S.C. § 1231(b)(3), and the United Nations Convention Against Torture ("CAT").[1] The primary basis of Li's application was his claim that Chinese officials forced his wife to undergo sterilization surgery in furtherance of China's family planning program. In addition, Li alleged that Chinese officials had threatened to sterilize him and had fined his wife for violating the family planning policy by bearing a second child.

At Li's hearing before the IJ, the Government confronted him with a separate asylum application submitted in his name in California. The application submitted in California ("California application") contained Li's name and included the same "I–94 number"[2] as did Li's application filed in New York ("New York application"). In addition, the California application listed the same two children (with the same dates of birth) as did the Li's New York application. The IJ also found that the signatures on the two applications were similar. In other ways, however, the applications were rather different. Unlike Li's New York application, which relied, as described above, on an account of his wife's alleged forced sterilization, the California application describes persecution on account of Christian religious practice and makes no mention of China's family planning regime.[3]

The Government and the IJ questioned Li extensively about the California application. Li responded that he had no knowledge of the California application, had not signed it, and had never even seen a United States asylum application before his lawyer helped him prepare the New York application. He stated further that he was not and had never been a Christian. Asked how someone could have submitted an application in California with Li's name, family details, I–94 number, and a photograph of Li's Chinese passport, Li answered that the person who helped him enter the United States "knew [Li's] information including [his] family information through the [visa] application," had discussed with Li in general terms the idea of applying for asylum, and had photocopied Li's passport after his arrival in California.

Judge Weisel rejected Li's suggestion that the "snakehead" who arranged his entry into the United States filed an asylum application on Li's behalf without his knowledge. He found that the asserted explanation was implausible and that it did not adequately account for the California application's focus on religious persecution, a claim Li disavowed before the IJ, rather than on forced sterilization. The IJ stated in his opinion that he found that Li "in fact completed this [California] application with

---

1.  United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, S. Treaty Doc. No. 100–20 (1988); *see also* 8 C.F.R. § 1208.16(c) (implementing the CAT).

2.  The I–94 card records the arrival in (and departure from) the United States of a nonimmigrant alien. It is generally stapled to the foreign passport of the alien upon arrival in the United States and collected upon departure.

3.  We note that the California application was not internally consistent. While the accompanying affidavit describes a person who "began to read the Bible and act according to the teachings of Christ" and suffered persecution as a result, the entry on the application for the applicant's religion reads "Falun Gong."

full knowledge." After rendering his oral decision, the IJ told Li on the record, "I do not believe your statement, that you never knew about that first application for asylum. It's my conclusion that you did."

An IJ may base a credibility determination on "inconsistent statements by the asylum applicant about matters material to his claim of persecution or on contradictory evidence or inherently implausible testimony regarding such matters," *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted); *see* 8 U.S.C. § 1252(b)(4)(B) (providing that in judicial review of orders of removal, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Although Li offered a purported explanation for the existence of the inconsistent California application, upon review of the record we are not convinced that "any reasonable adjudicator would be compelled to conclude" that the IJ erred in disbelieving Li's story. Accordingly, we decline to reverse the IJ's adverse credibility determination.

We have considered all of Li's arguments and found each of them to be without merit. Accordingly, the petition for review is **DENIED.**